# CLINTON CO. COMMON PLEAS COURT
### 46 S. South St., Suite 333, Wilmington, OH  45177

Plaintiff(s)                               )       **SUMMONS**

Hunt, Markus                               )
705 Ridge Road                             )
Lebanon, Oh  45036                         )       CASE#: CVH 16000451
                                           )
                                                   RULE (4)
Defendant(s)                               )

Clinton Medical Transport, Inc             )
1570 West Main Street                      )
Wilmington, Oh 45177                       )

\* \* \* \* \* \* \* \* \* \* \* \*

To the above named defendant(s):

   You are hereby summoned that a complaint (copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

   You are required to serve upon the plaintiff's attorney, or upon the plaintiff if (he/she) has no attorney of record, a copy of your answer to the complaint within twenty-eight (28) days after the service of this summons upon you, exclusive of the date of service.  Your answer must be filed with this Court within three (3) days after service of a copy of the answer on the plaintiff's attorney.

   The name and address of the plaintiff's attorney is as follows:

   David M Duwel, Esq.
   Duwel Law
   130 W Second St., Ste 2101
   Dayton, Oh  45402
   (937) 297-1154

   If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

CYNTHIA R. BAILEY
Clerk of Courts

Dec  5, 2016

_____
Tanya West
Deputy Clerk

**Exhibit A**

IN THE COMMON PLEAS COURT OF
CLINTON COUNTY, OHIO
CIVIL DIVISION

**MARKUS HUNT**
705 Ridge Road
Lebanon, Ohio 45036

Case No. CVH 16000045

Judge _____

  Plaintiff,

vs.

**CLINTON MEDICAL TRANSPORT, INC.**
1570 West Main Street
Wilmington, Ohio 45177

**COMPLAINT WITH JURY
DEMAND ENDORSED HEREON**

  Defendant.

_____

   Now comes Plaintiff, Markus Hunt, by his counsel, and for his Complaint against Defendant Clinton Medical Transport, Inc., states as follows:

### I.  PARTIES, ACTION, JURISDICTION AND VENUE

1.   This is an action for wrongful discharge in violation of Ohio Public Policy and for the recovery of overtime payments pursuant to Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act.

2.   Plaintiff Markus Hunt ("Plaintiff") is a resident of Warren County and a former employee of Defendant Clinton Medical Transport, Inc. ("CMT").

3.   Defendant CMI conducts business in Clinton County and is the former employer of Plaintiff Hunt.

4.   The majority of the actions complained of herein occurred in Clinton County Ohio and therefore venue properly lies in this Court.

5.   This Court has jurisdiction over wrongful discharge actions and actions to recover for overtime payments not made by an employer.

**Exhibit A**

## II. BACKGROUND FACTS

6. Plaintiff restates the allegations of paragraphs 1 through 5 herein as if fully rewritten herein.

7. Plaintiff Hunt began his employment with Defendant CMT on or around October 6, 2010 as a paramedic. On or around November 2012 he was promoted to the position of Clinical Manager, which was his job position at the time of his termination on January 6, 2016.

8. Plaintiff reported to Alexis Cunagin, also known as Alexis Cunagin Haer.

9. In his position as Clinical Manager, Plaintiff did not supervise two or more full time employees nor did he possess a four year college degree. At the direction of Ms. Haer Plaintiff ordered and inventoried drugs including controlled substances utilized by Defendant CMT in its medical transport business, ordered and stocked other medical supplies, handled private and Medicare/Medicaid billing, wrote certain protocol for the company and assisted in the training of new paramedics. Plaintiff routinely worked many hours in excess of 40 per week, and was not compensated for any overtime hours. Plaintiff worked an average of 18-20 overtime hours each week for which he was not compensated for.

10. Defendant compensated Plaintiff on a salary basis which ranged from $40,000-$45,000 over his time serving as Defendant's Clinical Manager.

11. Alexis Cunagin Haer ("Haer") treated employees poorly, ignored safety concerns, used profanity in dealing with employees and as a result employees morale plummeted.

12. On or around September, 2015, Plaintiff was contacted by law enforcement personnel investigating the death of Sabrina Perdue, who was the girl friend of Haer's stepson, and the mother of Haer's stepson's son. Perdue died on June 20, 2015 while boating with the Haer family at Caesar Creek.

2

**Exhibit A**

13. The authorities requested background information from Hunt on Haer, the type of drugs and medications utilized by Defendant CMT in its business operations, how the medication was stored and inventoried and who had access to same. Plaintiff received both verbal and written requests for this information, and other CMT employees were also questioned and approached by the law enforcement authorities.

14. Plaintiff believed he had a legal obligation to comply with the law enforcement authorities requests for information and did comply with same. Plaintiff cooperated with both the Warren County Sheriff's Office and the Ohio Division of Watercraft Southwestern Region about Ms. Perdue's death occurring on June 20, 2015.

15. Upon information and belief, Haer, in the latter part of December 2015, early part of January 2016, discovered (likely by way of an unlawful recording) that Plaintiff had been cooperating with law enforcement authorities. Soon after this discovery, Defendant CMT and its agent, Alexis Haer terminated Plaintiff's employment.

16. During the course of the criminal investigation, Plaintiff solicited and received legal advise that he needed to cooperate with law enforcement authorities.

17. In terminating Plaintiff, Defendant also violated Ohio Revised Code Sections 2921.03 and 2921.04, concerning intimidation/intimidation of a witness.

### III. CAUSES OF ACTION

#### A. COUNT ONE- WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

18. Plaintiff restates the allegations of paragraphs 1-17 as if fully rewritten herein.

3

**Exhibit A**

19. At all relevant times herein, Plaintiff was attempting to cooperate with law enforcement authorities in regards to their investigation of a fatality occurring at Caesar Creek on June 20, 2015. Alexis Haer was a person of interest in the investigation.

20. Terminating an employee who cooperates in a police investigation violates the public policy of the state of Ohio as can be seen in the various sections of Title 29 of the Ohio Revised Code, including Sections 2921.03 and 2921.04 dealing with intimidation and intimidation of witnesses.

21. Defendant's termination of Plaintiff was as a direct and proximate result of Plaintiff engaging in the above lawful activities.

22. As a direct and proximate result of Defendant's actions, Plaintiff has been damaged due to lost pay and benefits, attorney fees and other legal expenses.

23. Plaintiff has also suffered anxiety and emotional distress as a result of Defendants' actions.

### B. COUNT TWO- FAILURE TO PAY OVERTIME

(Ohio Revised Code Section 4111.03 and FLSA)

24. Plaintiff restates the allegations of paragraphs 1-23 as if fully rewritten herein.

25. During the time of his employment with Defendant CMT Plaintiff routinely worked in excess of forty hours per week and was not paid for any of the overtime hours worked.

26. Plaintiff was not exempt from the requirement to pay overtime for hours worked in excess of forty under either federal or state law. *See* Section 4111.03 Ohio Revised Code and the Fair Labor Standards Act.

27. Plaintiff, and/or his agent, has requested that Defendant CMT make the required overtime payments, but Defendant CMT has failed to respond and/or make said payments.

4

**Exhibit A**

28. Defendant's refusal to pay Plaintiff his overtime pay was willful and intentional.

29. Pursuant to Ohio Revised Code Section 4111.10, Plaintiff is entitled to recover the overtime wages not paid for a period of three years at 1.5 times his average hourly rate of pay, together with interest, costs and reasonable attorney fees. The FLSA also provides for liquidated damages in respect to these hours.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Markus Hunt respectfully demands judgment against Defendant Clinton Medical Transport, Inc. and prays for the following relief:

- A. Reinstatement to his former position as Clinical Manager;
- B. Back pay and benefits in a sum in excess of Twenty Five Thousand Dollars ($25,000);
- C. Punitive damages in a sum in excess of Twenty Five Thousand Dollars ($25,000);
- D. Reasonable attorney fees, pre and post judgment interest, plus costs.
- E. Full statutory damages under state and federal law, together with reasonable attorney fees; and
- F. Such other relief as this Court believes is just and equitable.

Respectfully submitted,

DUWEL LAW

David M. Duwel (0029583)
130 West Second Street, Suite 2101
Dayton, OH 45402
(937) 297-1154, telephone
(937) 297-1152, facsimile
david@duwellaw.com

*Attorney for Plaintiff*

5

**Exhibit A**

## JURY DEMAND

Plaintiff demands a trial by jury.

_____
DAVID M. DUWEL (0029583)

**Exhibit A**